MATALON Esquires PC
1602 Lawrence Avenue
Ocean, New Jersey 07724
(212) 244-9000
JLM@trial-lawyer.org

August 19, 2025

Hon. Andrew L. Carter, Jr., U.S.D.J.
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

                Re:    Kaufman v. Gliatta, et al.,
                       2025-cv-2001-ALC

Dear Judge Carter:

      I represent defendants and write in accordance with your Individual Rule 2.A to request a pre-motion conference in anticipation of Rule 12(b)(6) motion to dismiss. The parties already compromised and resolved this employment dispute over an alleged bonus in a signed "Separation Agreement and Release." In exchange for an additional $138,000 in compensation not otherwise owed, plaintiff Laura Kaufman signed broad, general releases and expressly acknowledged that nothing further was owed to her under her written employment agreement or otherwise. Nonetheless, plaintiff collected the settlement payment, and then without any additional discussion or demands, sued to recover the released $400,000 bonus as allegedly still owed under the employment agreement, and even more remarkably, for money damages for supposedly being fraudulently induced to enter into the employment agreement.

      I am confident that were plaintiff represented by anyone other than her litigator husband, this action (or the previous action filed in Connecticut in violation of the New York forum-selection clause) would never have been brought. I am therefore hopeful that during the conference, the Kaufmans can be persuaded to drop this frivolous action. Should they refuse, defendants plan to move for sanctions under Rule 11.

**Background**

  Plaintiff Laura Kaufman was an at-will employee of Thor Equities LLC under a June 11, 2021 Employment Agreement ("EA," annexed to the Complaint as Exh. A thereto, § 2). The EA provided for a base annual salary of $400,000 and eligibility for a $400,000 "Discretionary Performance Bonus," conditioned on plaintiff being "employed by the Company and in good standing" on the "payment date" of June 26, 2022.   (Compl. ¶ 23; EA§ 4(b))

  When Thor told plaintiff in early June 2022 that it intended to let her go, plaintiff claimed that the bonus had already vested because she was entitled to 30 days' advance notice of termination, and the bonus would have become payable within 30 days (Compl. ¶ 48). Thor disputed that interpretation of the EA.  The parties agreed in writing that Ms. Kaufman's at-will employment would continue, and the bonus pay-date would be extended to December 31, 2022, to see if their differences could be resolved (Compl. ¶¶ 49-50).   A settlement was reached on December 5, 2022 -- more than three weeks before the revised bonus date of December 31 – in a written Separation Agreement & Release ("SAR"), attached as Exhibit B to the Complaint.

  In the SAR, plaintiff acknowledged that her last date of employment was December 5, 2022, and that in consideration for signing the document, plaintiff would receive **$138,461.54** of additional salary (90 days) to which she was not otherwise entitled (SAR § 2(a)).  Plaintiff further acknowledged that "no other sums are due and payable or otherwise owing to Employee as a result of this Agreement *or any other employment or any other agreement* between Employee and Thor Equities, LLC or any affiliate thereof." (SAR § 3, emphasis added.)  She further signed a "General Release of All Claims" in which she "knowingly and voluntarily release[d] and forever discharge[d] Thor… from any and all claims, known and unknown, asserted or unasserted… including, but not limited to, any alleged violation of… contract, tort or common law." (SAR § 4)

  Despite the SA, and a governing New York forum clause, after collecting the settlement payment plaintiff filed suit in the federal District of Connecticut to recover the very bonus she had released and to pursue tort claims based on alleged pre-employment "representations" regarding Thor's access to capital.  Kaufman v. Gliatta, et al. 3:24-cv-01026 (D. Conn).   After plaintiff rebuffed defendants' demand that the action be voluntarily dismissed to spare them the cost of a dismissal motion, defendants moved to dismiss for failure to state a claim and based on the forum selection clause (Dkt. 38, 41).  Plaintiff procured multiple extensions to respond (Dkt. 43, 45), and then announced she intended to dismiss the action after all (Dkt. 47) -- but did not actually do so until a pointless motion to strike a portion of defendants' brief criticizing plaintiff's performance, and an even more pointless motion for reargument -- were denied (Dkt. 52, 54).  Plaintiff then filed this substantively identical action.

**Grounds For Dismissal**

      Courts in this district routinely dismiss complaints under Rule 12(b)(6) where claims are foreclosed by a valid release. See <u>Simel v. JP Morgan Chase</u>, 2007 WL 809689 (S.D.N.Y. Mar. 19, 2007); <u>Dewey v. PTT Telecom Neth</u>., 1995 WL 425005 (S.D.N.Y. Sep. 11, 1995); <u>Volk v. Liggett Grp</u>., 1997 WL 107458 (S.D.N.Y. Mar. 10, 1997) (Sotomayor, J.). Here, plaintiff signed a general release wherein she "knowingly and voluntarily release[d] and forever discharge[d]… [Defendants]… from any and all claims, known and unknown, asserted or unasserted… including… any alleged violation of… any… contract, tort or common law." (SAR § 4)   In fact, when plaintiff bargained for nearly $140,000 in additional payments following cessation of employment, she expressly acknowledged that "no other sums are due and payable or otherwise owing to" her (SAR § 3).   Accordingly, the complaint fails to state a claim to recover anything from defendants, including a bonus that, prior to the SRA, would not even become payable until December 31, 2022, or money damages for allegedly being fraudulently induced to become employed in the first place.

      Plaintiff seems to rely on a dizzying and contorted reading of the documents, featuring an argument that she was actually employed on December 31 (Compl. ¶ 52), despite the written acknowledgment that her employment had ended on December 5 (SAR § 1).   Suffice to say that if that if the parties had a meeting of the minds that Thor would make an additional payment of $400,000 on December 31, 2022 – beyond the express settlement consideration of $138,461.54 -- they would have said so directly in the SAR, especially given that plaintiff's entitlement to the bonus was at the center of their dispute.

      Defendants have additional arguments for dismissal, but since the express terms of the SAR are dispositive, they will not burden the Court with those points in this request for a conference.  If the Court is interested, the additional grounds can be found at Dkt. 41 in the Connecticut action, and defendants will be happy to discuss them at the conference if the Court so desires.

      Respectfully submitted,

*Joseph Lee Matalon*

Joseph Lee Matalon

cc:  Alan H. Kaufman, Esq. (via ECF)